# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

v.                       No. CV 14-0565 JP/RHS
                                     CR 03-0677 JP

CHRISTOPHER JOHN HOPSON,

     Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rules 4(b) and 11(a) of the Rules Governing Section 2255 Proceedings, on Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 51) filed on June 19, 2014.   The Court will dismiss the § 2255 motion.

Defendant's § 2255 motion faces the initial hurdle of the one-year limitations period in § 2255.   *See* § 2255(f).   On September 11, 2003, this Court entered judgment (CR Doc. 44) on Defendant's convictions.   An amended judgment (CR Doc. 46) correcting a clerical error was entered on September 17, 2003.   On July 29, 2004, the Court of Appeals for the Tenth Circuit affirmed Defendant's convictions (CR Doc. 50).   Defendant did not seek certiorari review, and thus his conviction became final ninety days later at the end of October, 2004.   *See Clay v. United States*, 537 U.S. 522, 525 (2003).   Defendant filed the current motion nearly ten years later, on June 19, 2014, long after his convictions became final and the limitations period had expired.

Typically, the Court raises the time bar to a § 2255 motion *sua sponte* and allows the defendant an opportunity to respond.   Here, however, Defendant's motion expressly addresses the timeliness issue, based on the terms of § 2255(f)(3).   This subsection starts a new one-year limitations period where a Supreme Court decision--issued after a defendant's conviction--initially

and retroactively recognizes the right that the defendant asserts under § 2255.   Defendant asserts that the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), recognized his claim of unconstitutional minimum sentence as a new right.   He argues that, under the terms of § 2255(f)(3), *Alleyne* re-started the one-year limitations period.   As a result, the limitations period for his motion accrued when the Court decided *Alleyne* on June 17, 2013.

Defendant also relies on the Supreme Court's recent ruling in *Descamps v. United States*, 133 S. Ct. 2276 (2013), that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." *Id.* at 2282.   Defendant asserts that the decision in *Descamps* recognized as a new right his claim that his prior convictions were improperly characterized as crimes of violence.   The limitations period for his motion thus accrued, alternatively, when the Court decided *Descamps* on June 20, 2013.

Defendant's timeliness argument fails on both of the requirements in § 2255(f)(3).   The statute allows restarting of the limitation period only if the Supreme Court's recognition of a right amounts to a "[n]ew *substantive* rule[]," *Schriro v. Summerlin,* 542 U.S. 348, 351 (2004) (italics in original), and the new right is "made retroactively applicable to cases on collateral review." § 2255(f)(3).   First, the Supreme Court has not made its decision in *Alleyne* retroactive.   *See In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (noting that "[the rule in *Alleyne*] has not been 'made retroactive to cases on collateral review.' ").   And furthermore, "*Descamps* concerns a matter of statutory interpretation as to whether a certain crime qualifies as a violent felony under the ACCA, and it did not announce a new rule of constitutional law." *United States v. Glover,* Nos. 05-CR-0111-CVE, 13-CV-0472-CVE-FHM, 2013 WL 4097915, at *3 (N.D. Okla., Aug. 13, 2013), *quoted in Glover v. Fox*, 550 F. App'x 592, 594 (10th Cir. 2013).   Because *Descamps* did

not announce a new substantive rule, the Court need not address the retroactivity question.   The

*Alleyne* and *Descamps* decisions do not satisfy the criteria in § 2255(f)(3), and thus Defendant did

not gain additional time to file his § 2255 motion.   His claims under § 2255 are subject to the

original limitations period that accrued when his conviction became final in 2004.

   The Court has reviewed a Fourth Circuit decision and a dissent in a Seventh Circuit case

cited by Defendant in support of his argument that the *Descamps* decision allows him to pursue his

§ 2255 claims.   *See Whiteside v. United States*, 748 F.3d 541, *passim* (4th Cir. 2014); *Hawkins v.

United States*, 724 F.3d 915, 919-25 (7th Cir. 2013) (Rovner, J., dissenting). The analyses in the

cases cited by Defendant are not in accord with the Tenth Circuit's rulings discussed above, and

this Court follows the reasoning of decisions in this Circuit.   Defendant failed to raise his claims

timely, and the Court will dismiss his § 2255 motion.

   Furthermore, under rule 11(a) of the Rules Governing Section 2255 Cases, the Court

determines *sua sponte* that Defendant has failed to make a substantial showing that he has been

denied a constitutional right.   The Court will therefore deny a certificate of appealability.

   IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 51) is DISMISSED as untimely filed;

a certificate of appealability is DENIED; and judgment will be entered.

*James A. Parker*

UNITED STATES DISTRICT JUDGE